1  MATTHEW M. WALSH, SBN 175004
   e-mail: mwalsh@dl.com
2  DEWEY & LeBOEUF LLP
   333 South Grand Avenue, Suite 2600
3  Los Angeles, CA 90071-1530
   Telephone: (213) 621-6000
4  Facsimile: (213) 621-6100

5  JEFFREY L. KESSLER (*pro hac vice* application to be filed)
   ADAM J. KAISER (*pro hac vice* application to be filed)
6  DEWEY & LeBOEUF LLP
   1301 Avenue of the Americas
7  New York, NY 10019-6092
   Telephone: (212) 259-8000
8  Facsimile: (212) 259-6333

9  Attorneys for Plaintiff
   MATTHEW BALDWIN
10

FILED
CLERK, U.S. DISTRICT COURT

APR - 2 2010
10:06

CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

11

12          **UNITED STATES DISTRICT COURT**

13          **CENTRAL DISTRICT OF CALIFORNIA**

14  MATTHEW BALDWIN,                    )  Case No. CV 10-02408-GW
                                        )            (SSx)
15                 Plaintiff,           )
                                        )  **COMPLAINT FOR**
16         v.                           )  **DECLARATORY RELIEF**
                                        )
17  IMG WORLDWIDE, INC., an Ohio        )
    corporation,                        )
18                                      )
                   Defendant.           )
19                                      )

20

21

22

23

24

25

26

27

28

Dewey & LeBoeuf LLP
333 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-1530

Plaintiff Matthew Baldwin ("Plaintiff" or "Baldwin"), for his claims against Defendant IMG Worldwide, Inc. ("Defendant" or "IMG"), alleges upon knowledge with respect to his own acts, and upon information and belief as to all other matters, as follows:

## INTRODUCTION

1.    This diversity case concerns certain post-employment restrictive covenants that, as a matter of law, are unenforceable in the state of California.

2.    In his previous employment with IMG, Baldwin entered into an "at will" employment agreement that, while preserving IMG's right to fire Baldwin for any reason (or no reason at all), purported to preclude Baldwin from competing with IMG after his employment with IMG terminated.

3.    In April 2010, Baldwin, who was unsatisfied with the terms and conditions of his employment at IMG, resigned from IMG, moved to California and joined Creative Artists Agency, a competitor of IMG's located in Los Angeles.

4.    Now that Baldwin lives and works in California, any injunction enforcing any restrictive covenants against Baldwin would entail enforcement of such covenants in the state of California. The restrictive covenants, therefore, are enforceable only to the extent California law would permit such enforcement.

5.    The post-employment restrictions contained in Baldwin's employment agreement are void under California law. Hence, the restrictive covenants are unenforceable.

6.    Under California law, Baldwin is free to compete with IMG, and to service any of his former clients who may choose to hire him. Baldwin is entitled to a declaration declaring that his restrictive covenants are void and unenforceable.

7.    As set forth below, this case is virtually identical to another case decided in this district, *Danzi v. IMG*, in which this Court confirmed an arbitral award under the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, In that arbitral award, the arbitrator ruled that, in an employment contract virtually identical to Baldwin's

Dewey & LeBoeuf LLP
333 South Grand Avenue, Suite 2600
Los Angeles, CA. 90071-1530

contract with IMG at issue here, the Ohio choice-of-law clause in the parties' employment agreement was unenforceable, and that the restrictive covenants were enforceable only to the extent California law would permit enforcement of them. Because California law does not allow enforcement of such anti-competitive covenants, IMG agreed to entry of a consent award, and a consent judgment confirming the award, freeing Danzi of any of his post-employment restrictions.

8.      The same result should be reached here.  Baldwin, like Danzi, moved to California after terminating his employment contract with IMG and, also like Danzi, Baldwin commenced employment with a competitor of IMG's based in Los Angeles. Just as in *Danzi*, now that Baldwin lives and works in California, his post-employment anti-competitive restrictions with IMG must be interpreted under California law.  And, because the post-employment anti-competitive restrictions in Baldwin's employment contract with IMG are void under California law, Baldwin is entitled to a declaratory judgment declaring that such restrictions are null, void and unenforceable as a matter of law.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332, as the parties are of diverse citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

10.     Plaintiff Matthew Baldwin is a citizen of the State of California and resides in Los Angeles, California.

11.     Defendant IMG Worldwide, Inc. is a corporation organized under the laws of the State of Ohio, with its principal place of business in Cleveland, Ohio.

12.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, as it is where a substantial part of the events giving rise to the claims asserted occurred, as described below.

Dewey & LeBoeuf LLP
333 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-1530

2

1

## PARTIES

2       13.    Baldwin is a citizen and resident of the State of California who, with

3   his wife, resides at 1715 Camden Avenue, Apt. 107, Los Angeles, California

4   90062. Baldwin is engaged in the business of recruiting and soliciting professional

5   athletic coaches to enter into endorsement, financial services and agent contracts,

6   and procuring employment for such coaches.

7       14.    Defendant IMG Worldwide, Inc. is a corporation organized under the

8   laws of the State of Ohio, with its principal place of business and headquarters in

9   Cleveland, Ohio. Although IMG Worldwide, Inc. has offices in several states and

10  countries, its principal place of business is Cleveland, Ohio and a majority of IMG

11  Worldwide, Inc.'s business activity takes place in Ohio.

12      15.    Defendant IMG Worldwide, Inc. describes itself as a "diversified

13  sports, entertainment and media company."[1] Among other things, Defendant IMG

14  Worldwide, Inc. operates a sports agency providing client representation in golf,

15  tennis, broadcasting, speakers, motor sports, coaching, Olympic and action sports.

16      16.    Upon information and belief, IMG Worldwide, Inc. also does business

17  in California. IMG Worldwide, Inc. is engaged in the business of recruiting and

18  soliciting talent to enter into endorsement, financial services and agent contracts and

19  for procuring employment opportunities for such talent. However, as alleged above,

20  IMG Worldwide, Inc. is headquartered in Cleveland, Ohio, conducts the majority of

21  its business activity in Ohio and is an Ohio citizen. By way of example:

22      a.    On February 23, 2001, IMG Worldwide, then known as IMG

23      Management, petitioned this Court in *S & H Promotions, Inc. v. Sang Hung*

24      *Lee*, C.D. Cal. Case No. CV 01-1771 DT (Ex), for removal of a state court

25      lawsuit based upon diversity of citizenship. In paragraph 7 of the Notice of

26      Removal, IMG Management (now IMG Worldwide, Inc.) alleged that it had

27

28  [1] *See* http:// www.imgworld.com/about/default.sps.

Dewey & LeBoeuf LLP
333 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-1530

COMPLAINT FOR DECLARATORY RELIEF

1    "its principal place of business in the City of Cleveland, State of Ohio."

2    Plaintiffs thereafter moved to remand the action to Los Angeles County

3    Superior Court, asserting that IMG Management could not avail itself of

4    diversity jurisdiction because of its offices and alleged activities in California.

5    IMG Management opposed the motion to remand, submitting evidence that

6    the substantial predominance of its business was in Ohio, and, additionally,

7    that Ohio was IMG Management's principal place of business under a "nerve

8    center" test.   The Honorable Dickran Tevrizian agreed with IMG

9    Management.   In his April 23, 2001 Order denying the motion to remand,

10   Judge Tevrizian found that, "under the place of operations test, IMG's

11   principal place of business is not in California, but is in either Ohio or New

12   York." (April 23, 2001 Order, Exhibit B, at page 8.)  Citing to the declaration

13   by the "Vice President of IMG's Legal Department," Judge Tevrizian found

14   that "IMG was founded in Ohio, IMG's headquarters is in Ohio, and eighty

15   percent (80%) of IMG's executive and administrative functions are conducted

16   in Ohio." (April 23, 2001 Order, Exhibit B, at page 8.)

17       b.      On February 9, 2010, IMG Worldwide, Inc. removed the action,

18   *Perman v. IMG Worldwide, Inc.*, No. 1:10-cv-1066-WHP (S.D.N.Y.) from

19   New York State Supreme Court to the Southern District of New York.   In

20   paragraph 4 of its Notice of Removal, IMG alleged that "Defendant IMG is a

21   media company with its principal place of business in Cleveland, Ohio.   As

22   recorded with the New York Secretary of State, IMG is organized and

23   incorporated under the laws of the State of Ohio with its principal executive

24   office in Cleveland, Ohio.   Accordingly, IMG is a citizen of Ohio for

25   diversity purposes." (February 9, 2010 Notice of Removal, Exhibit C, at page

26   2.)

27

28

Dewey & LeBoeuf LLP
333 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-1530

1        c.      On May 17, 2006, IMG Worldwide, Inc. "formerly known as
2  IMG Management, Inc." filed a Complaint in the Northern District of Ohio,
3  captioned *IMG Worldwide, Inc. (f/k/a IMG Management, Inc.) v. Stuart*
4  *Appleby*, Case No. 1:06-cv-1231.   In paragraph 2 of the Complaint, IMG
5  Worldwide, Inc. alleged that it "is a citizen of the State of Ohio, as it is an
6  Ohio corporation which maintains its principal place of business at IMG
7  Center, 1360 Ninth Street, Suite 100, Cleveland, Ohio."  In paragraph 4 of the
8  Complaint, IMG Worldwide, Inc. alleged that the District Court had diversity
9  jurisdiction pursuant to 28 U.S.C. § 1332 (a) "because IMG is an Ohio citizen
10  and Appleby is an Australian citizen who has a home in Florida."
11  (Complaint, Exhibit D, ¶¶ 2, 4).

## SUMMARY OF THE DISPUTE

17.    The State of California has a fundamental public policy against
contracts that prevent workers from engaging in their lawful business endeavors.
California Business and Professions Code § 16600 provides, in pertinent part:
"every contract by which anyone is restrained from engaging in a lawful profession,
trade, or business of any kind is to that extent void."

18.    Baldwin is currently an employee of Creative Artists Agency ("CAA"),
located in California.  Between approximately August 2004 and his resignation on
April 2, 2010, Baldwin was employed by IMG and represented professional athletic
coaches on IMG's behalf.

19.    When IMG hired Baldwin, it required Baldwin to sign a form
employment agreement (the "Employment Agreement") that contained an anti-
competitive non-competition clause.  A true and correct copy of the Employment
Agreement is attached hereto as Exhibit A.

Dewey & LeBoeuf LLP
333 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-1530

1    20.    Paragraph 6 of the Employment Agreement, entitled "Representation of

2   Existing and Prospective Clients, Properties and Customers," provides the following

3   post-employment restriction:

> For the period of two years following the end of
> Employee's employment with IMG, Employee will not
> directly or indirectly solicit or represent as a client, on
> Employee's own behalf or on behalf of another, or be
> employed by, any person or organization which: (i) was a
> client of IMG within the eighteen months next preceding
> the end of Employee's employment with IMG and,
> further, was a client with whom Employee had dealings
> while Employee was associated with IMG or was a client
> with whom IMG employees reporting to Employee had
> dealings while Employee was associated with IMG; or (ii)
> was a prospective client of IMG who was actively
> solicited as such within the twelve months next preceding
> the end of Employee's employment with IMG and,
> further, Employee, or IMG employees reporting to
> Employee, participated in such solicitation.

13   This non-competition clause purports to prohibit Baldwin from competing with IMG

14   to represent any coaches Baldwin represented while he was at IMG for two years

15   following the termination of his employment.    Thus, under the terms of the

16   Employment Agreement, IMG could terminate Baldwin at any time, with or without

17   notice (under paragraph 1 of the Employment Agreement), and then, under

18   paragraph 6, preclude Baldwin from "directly or indirectly" soliciting or

19   representing any IMG client or former client for a period of two years thereafter.

20    21.    Similarly, when paragraph 1 is read in conjunction with the non-

21   association clause in paragraph 7 of the Employment Agreement, IMG reserved for

22   itself the ability to fire Baldwin at any time, for no reason at all, and then prevent

23   him from working for a period of one year thereafter for any company that hires

24   another former IMG employee:

> During Employee's employment with IMG and for the
> twelve months following the end of Employee's
> employment with IMG, Employee will not, directly or
> indirectly, on Employee's own behalf or on behalf of
> another, be involved with the hiring of, nor be hired by or

Dewey & LeBoeuf LLP
333 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-1530

6

associated with, any person who was an IMG employee or who provided substantial services to IMG at any time during the six (6) months next preceding the end of Employee's employment with IMG.

22.  The foregoing restrictive covenants are void under California law.

### THE AMOUNT IN CONTROVERSY

23.  The amount in controversy in this action far exceeds $75,000, exclusive of interests and costs.

24.  The value of Baldwin's services to professional athletic coaches far exceeds $75,000.  Typically, representation agreements with such individuals provide for the agent to receive as compensation for its services a percentage of the gross value of all existing and future employment contracts and marketing and commercial opportunities.  While the amounts paid to coaches for employment contracts and marketing and commercial opportunities, and the amount of the commission that in turn is earned by the agent, vary depending upon the coach's status and other factors, the gross value of employment contracts and marketing and commercial opportunities is in the millions of dollars.

25.  Baldwin's former clients at IMG include some of the most recognizable and esteemed coaches.  They include coaches of some of the most successful NCAA programs and NFL franchises.  These former clients are likely to earn many millions of dollars in endorsement and employment contracts, from which Baldwin (and CAA) would and could but for the onerous and unlawful provisions in the Employment Agreement earn commissions well in excess of $75,000.

26.  If enforced, the non-competition clause in Baldwin's contract would prohibit Baldwin from representing his former clients, thus impairing his ability to generate millions of dollars in commissions from these marquee coaches who themselves earn substantial compensation in employment contracts and marketing and commercial opportunities.

Dewey & LeBoeuf LLP
333 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-1530

27.    The value to Baldwin of the ability to engage in business with and provide services to coaches who desire to employ his services and who are or will be former clients of IMG with whom Baldwin had dealings is greater than the $75,000 jurisdictional minimum of this court since Baldwin's compensation is based, in part, upon the commissions generated by the coaches that he represents. Enforcement of the non-competition clause would cause Plaintiff to lose an amount of profits significantly in excess of $75,000.

## THE DECLARATORY RELIEF

28.    Plaintiff seeks to engage in business with professional athletic coaches who are or will be former clients of IMG and who desire Baldwin to provide services to them.

29.    Plaintiff seeks a declaration that the restrictive covenant is void and unenforceable under California law, so that Baldwin may represent his former clients in connection with his employment at CAA.

## BACKGROUND

30.    Baldwin is a successful professional agent who primarily represents professional athletic coaches. Baldwin is employed in the Los Angeles, California office of CAA. Baldwin's employment with CAA commenced in April of 2010. Prior to Baldwin's current employment with CAA, Baldwin was employed by IMG. Baldwin's employment with IMG concluded on April 2, 2010.

31.    IMG is a "diversified sports, entertainment and media company" that provides a broad range of services including client representation, brand management, media production and distribution, licensing, and consulting services. IMG maintains offices throughout the world. In the United States, IMG has offices in California, Florida, Georgia, Illinois, Massachusetts, Minnesota, New York, North Carolina, and Ohio.

Dewey & LeBoeuf LLP
333 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-1530

32.     At the time of his hiring, Baldwin was young and fresh out of graduate school, whereas IMG was a leading sports, entertainment and media company with a dominant position in the field of representing professional athletic coaches.

33.     Due to IMG's preeminent position in the representation of such coaches, there were no other meaningful employment opportunities that Baldwin could have pursued as a recent graduate that would have enabled him to pursue a career in the field of representing such talent.

34.     IMG, the party with the far superior bargaining position, presented the Employment Agreement to Baldwin on a "take-it-or-leave-it" basis.  IMG advised Baldwin that the terms of the Employment Agreement were not negotiable.  IMG was represented by counsel, while Baldwin was not.

## THE NON-COMPETITION CLAUSE
## VIOLATES CALIFORNIA LAW

35.     Part Two of California's Business and Professions Code is entitled "Preservation and Regulation of Competition."  Chapter 1 of Part Two is entitled "Contracts in Restraint of Trade."  Business and Professions Code § 16600, which is set forth within Chapter 1 of Part Two, addresses non-competition clauses in employment contracts.  It provides, in pertinent part, that "every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void."  Under § 16600, all post-employment non-competition covenants are void. *Edwards v. Arthur Andersen LLP*, 44 Cal. 4th 937, 955, 81 Cal. Rptr. 3d 282, 296 (2008) ("noncompetition agreements are invalid under section 16600, even if narrowly drawn, unless they fall within the applicable statutory exceptions").

36.     The non-competition clause in the Employment Agreement falls squarely within Section 16600.  If enforced, the non-competition clause would bar Baldwin from engaging in any business with any former IMG clients because

Dewey & LeBoeuf LLP
333 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-1530

9

1  Baldwin would be barred from "directly or indirectly" representing anyone who was

2  "a client of IMG within the eighteen months next preceding the end of Employee's

3  employment."

4      37.    The non-competition clause is particularly unreasonable because, if

5  enforced, it would allow IMG to terminate Baldwin without cause at any time after

6  beginning his employment, and then preclude CAA from having Baldwin represent

7  potential clients for a period of two years. The non-competition clause is void under

8  California law.

9   

**IMG IS BOUND BY THIS COURT'S FINAL JUDGMENT THAT**
10 **CALIFORNIA LAW APPLIES TO THE**
**NON-COMPETITION CLAUSE IN BALDWIN'S CONTRACT**

11     38.    IMG is bound by a July 30, 2008 judgment entered by this Court

12 finding that California law applies to the non-competition clause set forth in

13 paragraph 6 of the Employment Agreement. (*See* Exhibit E, *Danzi, et al. v. IMG*

14 *Worldwide, Inc., et al.*, Civ. Action No. 2:07-cv-6979-GAF-SH, order (C.D. Cal.

15 July 30, 2008)).    Under California law, such non-competition clauses are

16 unenforceable as a matter of law.

17     39.    The facts of the *Danzi* case are strikingly similar to the ones at bar.

18 Joseph Danzi, a California resident, was previously employed as an athlete agent by

19 IMG and signed an employment agreement containing, word for word, the same

20 non-competition clause set forth in paragraph 6 of Baldwin's Employment

21 Agreement:

22

23

24

25

26

27

28

Dewey & LeBoeuf LLP
333 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-1530

COMPLAINT FOR DECLARATORY RELIEF

Dewey & LeBoeuf LLP
333 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-1530

| Danzi/IMG Agreement at ¶ 6 | Baldwin/IMG Agreement at ¶ 6 |
|---|---|
| Representation of Existing and Prospective Clients, Properties and Customers. During Employee's employment with IMG, Employee will not solicit nor represent any client, property or customer on behalf of anyone other than IMG, including on Employee's own behalf. For the period of two years following the end of Employee's employment with IMG, Employee will not directly or indirectly solicit or represent as a client, on Employee's own behalf or on behalf of another, or be employed by, any person or organization which: (i) was a client of IMG within the eighteen months next preceding the end of Employee's employment with IMG and, further, was a client with whom Employee had dealings while Employee was associated with IMG or was a client with whom IMG employees reporting to Employee had dealings while Employee was associated with IMG; or (ii) was a prospective client of IMG who was actively solicited as such within the twelve months next preceding the end of Employee's employment with IMG and, further, Employee, or IMG employees reporting to Employee, participated in such solicitation. | Representation of Existing and Prospective Clients, Properties and Customers. During Employee's employment with IMG, Employee wll not solicit nor represent any client, property or customer on behalf of anyone other than IMG, including on Employee's own behalf. For the period of two years following the end of Employee's employment with IMG, Employee will not directly or indirectly solicit or represent as a client, on Employee's own behalf or on behalf of another, or be employed by, any person or organization which: (i) was a client of IMG within the eighteen months next preceding the end of Employee's employment with IMG and, further, was a client with whom Employee had dealings while Employee was associated with IMG or was a client with whom IMG employees reporting to Employee had dealings while Employee was associated with IMG; or (ii) was a prospective client of IMG who was actively solicited as such within the twelve months next preceding the end of Employee's employment with IMG and, further, Employee, or IMG employees reporting to Employee, participated in such solicitation. |

40.   In April of 2007, Danzi resigned from IMG and joined Wasserman Media Group ("WMG"), one of IMG's competitors. IMG sent letters to Danzi threatening litigation and asserting, among other things, that the non-competition clause was enforceable against him and WMG.

41.   Danzi and WMG brought an action against IMG Worldwide, Inc. (the same defendant in this action) and one of its affiliates, seeking a declaration that, among other things, the non-competition clause in Danzi's contract with IMG was unenforceable against Danzi as a California resident under California law,

11

COMPLAINT FOR DECLARATORY RELIEF

1   notwithstanding the fact that the contract specified the choice of Ohio law -- the
2   same issue that is presented in this case.

3        42.    Danzi and IMG stipulated to arbitrate the dispute in New York and
4   were afforded a full and fair opportunity to litigate -- and did actually litigate -- the
5   choice of law issue.  After extensive briefing by the parties, the arbitrator sided with
6   Danzi, holding that California law, not Ohio law, applied to the restrictive covenants
7   in Danzi's contract, thus eviscerating IMG's position regarding the enforceability of
8   such covenants against a California resident.

9        43.    Thereafter, Danzi and IMG entered into a Consent Award in favor of
10  Danzi, dated June 26, 2008, which incorporated by reference the April 30, 2008
11  order.  Pursuant to the Award, IMG agreed that the non-competition provisions
12  "may not be enforced against Danzi in any way and IMG covenants not to sue Danzi
13  for any alleged violation of or activity inconsistent with those provisions." (*See*
14  Exhibit F, June 26, 2008 award at page 2).

15       44.    Danzi and WMG petitioned this Court to confirm the Consent Award
16  in the form of a judgment.  By order dated July 30, 2008, this Court granted such
17  relief and confirmed the Award as a final judgment. (*See* Exhibit E, July 30, 2008
18  order at pages 1-3).

19       45.    IMG is thus bound by this Court's final judgment that California law
20  applies to the non-competition clause set forth in IMG's contract with Danzi, and
21  under well-settled principles of collateral estoppel, is precluded from relitigating this
22  same issue with respect to IMG's contract with Baldwin.

23      **THE CONTROVERSIES BETWEEN PLAINTIFF AND DEFENDANT**

24       46.    Plaintiff contends that the non-competition clause is unenforceable as it
25  violates Business and Professions Code § 16600 and violates the public policy in
26  California prohibiting contracts in restraint of trade.

27
28

Dewey & LeBoeuf LLP
333 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-1530

47.    Upon information and belief, IMG contends that it is entitled to injunctive relief barring Baldwin from engaging in business with former IMG clients.

48.    IMG additionally included in the Employment Agreement a provision requiring Baldwin "to promptly furnish any new employer with a copy of this Agreement prior to the commencement of employment with any third party which is less than two years after the termination of Employee's employment with the Company." Upon information and belief, IMG included this provision to provide a foundation for legal action against any IMG competitor who hires current or former IMG employees and/or to cause sufficient apprehension in its competitors that they will be dissuaded from recruiting and hiring IMG employees. This is also an act in violation of Business and Professions Code § 16600 and in restraint of trade.

## THE ARBITRATION PROVISION IS UNCONSCIONABLE

49.    Paragraph 9 of the Employment Agreement sets forth an arbitration provision ("Arbitration Provision") that is both procedurally and substantively unconscionable, and thus unenforceable.

50.    Baldwin did not have any meaningful opportunity to negotiate the terms of the Arbitration Provision or to opt out of it when signing the Employment Agreement. The Arbitration Provision contains several one-sided provisions that maximize IMG's advantage at Baldwin's expense, without reasonable justification, including, among others, the following:

a.    Although the Arbitration Provision requires Baldwin to "submit to arbitration any dispute related to the employment relationship," IMG unfairly reserved for itself, but not for Baldwin, the right to "obtain[ ] injunctive relief from a court of competent jurisdiction to enforce the obligations of Paragraphs 4, 5, 6, 7 and 8 for which IMG may obtain provisional relief pending a decision on the merits by the arbitrator." The

Dewey & LeBoeuf LLP
333 South Grand Avenue, Suite 2600
Los Angeles, CA. 90071-1530

13

COMPLAINT FOR DECLARATORY RELIEF

Arbitration Provision lacks mutuality because it makes arbitration mandatory for Baldwin but optional for IMG.

b.      Additionally, IMG inserted a provision that "any breach of this Agreement could cause irreparable harm to IMG and that in the event of such breach, IMG shall have, in addition to any and all remedies of law, the right to an injunction, specific performance or other equitable relief to prevent any violation of Employees' obligations hereunder." This provision inures to the benefit of IMG and the burden of Baldwin. There is no reciprocal agreement that any breach by IMG could cause irreparable harm to Baldwin.

c.      The Arbitration Provision requires that "[a]ll arbitration proceedings shall be confidential," which benefits only IMG.

d.      The Arbitration Provision limits discovery for each party to the "deposition of one individual and any expert witness designated by the other party," and allowing for additional discovery "only where the arbitrator so orders, upon a showing of substantial need." This limitation on discovery only benefits IMG because IMG, as the employer, will have access to more documents and witnesses. The severe limitations on discovery are designed to thwart Baldwin's ability to gather evidence.

e.      The Arbitration Provision eliminates Baldwin's right to recover punitive damages that are otherwise allowed by law. As the Arbitration Provision purports to be the exclusive method of dispute resolution, at least for claims initiated by Baldwin, this limitation on the authority of the arbitrator is actually a limitation on Baldwin's available remedies, without stating so explicitly. This part of the Arbitration Provision, like the others, only benefits IMG and is designed to prejudice Baldwin's rights without making such prejudice clear.

Dewey & LeBoeuf LLP
333 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-1530

Dewey & LeBoeuf LLP
333 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-1530

51.   Moreover, the Employment Agreement itself is illusory.   The Employment Agreement does not set forth any consideration to Baldwin, and contains no obligation on the part of IMG to employ Baldwin for any period of time. Rather, paragraph 2 of the Employment Agreement merely provides that Baldwin's "salary shall be as agreed payable semi-monthly in arrears."  But Paragraph 1 of the Employment Agreement also provides that Baldwin's employment was on an "at will" basis.

52.   The Arbitration Provision is both substantively and procedurally unconscionable, and hence, this Court may render judgment in the claim herein without regard to the Arbitration Provision.

## FIRST CLAIM FOR RELIEF

(Declaratory Relief under 28 U.S.C. §§ 2201, 2202, Fed. R. Civ. P. 57)

53.   Plaintiff incorporates herein by this reference the allegations of Paragraphs 1 through 52.

54.   An actual, present, and justiciable controversy has arisen between Plaintiff and IMG regarding the enforceability of the non-competition clause in the Employment Agreement.

55.   Plaintiff contends that the non-competition clause is governed by California law and is invalid and unenforceable as a matter of law under California Business and Professions Code § 16600.

56.   Plaintiff further contends that IMG is bound by this Court's final judgment in *Danzi, et al. v. IMG Worldwide, Inc., et al.*, Civ. Action No. 2:07-cv-6979-GAF-SH, order (C.D. Cal. July 30, 2008), which confirmed an arbitral opinion that California law applied to a verbatim non-competition clause that IMG included in an employment agreement with another agent.

57.    Unless the non-competition clause is invalidated, Baldwin will not be able to represent, and CAA will not be able to have Baldwin represent, clients once affiliated with IMG, which will cause substantial damages to Baldwin.

58.    IMG contends that the non-competition clause is enforceable and that it is entitled to specific performance of the clauses, which would preclude Baldwin from engaging in business with prospective clients.

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

1.    Plaintiff seeks a declaration that the non-competition clause in Plaintiff's contract is unenforceable.

2.    Plaintiff seeks a declaration that Defendant is not entitled to equitable relief barring Plaintiff from violating any restrictive covenant in his contract.

3.    For costs of suit incurred herein; and

4.    For such other and further relief as this Court may deem to be just and proper.

Dated: April 2, 2010

Matthew M. Walsh
Jeffrey L. Kessler
Adam J. Kaiser
DEWEY & LeBOEUF LLP

Matthew M. Walsh

*Attorneys for Plaintiff Matthew Baldwin*

Dewey & LeBoeuf LLP
333 South Grand Avenue, Suite 2600
Los Angeles, CA. 90071-1530

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge George H. Wu and the assigned discovery Magistrate Judge is Suzanne H. Segal.

The case number on all documents filed with the Court should read as follows:

## CV10- 2408 GW (SSx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=====================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

Matthew M. Walsh   SBN 17500
email: mwalsh@dl.com
DEWEY & LeBOEUF LLP
333 South Grand Avenue, Suite 2600
Los Angeles, CA  90071-1530
Telephone: (213) 621-6000
Facsimile: (213) 621-6100

Attorneys for Plaintiff Matthew Baldwin

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW BALDWIN,<br><br>PLAINTIFF(S)<br><br>V.<br><br>IMG WORLDWIDE, INC., an Ohio corporation,<br>DEFENDANT(S). | CASE NUMBER<br><br>**CV 10-02408-GW(SSx)**<br><br>**SUMMONS** |

TO:DEFENDANT(S): <u>IMG WORLDWIDE, INC., an Ohio corporation,</u>

A lawsuit has been filed against you.

Within $2\lfloor$ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Matthew M. Walsh</u>, whose address is <u>Dewey & LeBoeuf LLP, 333 South Grand Avenue, Suite 2600, Los Angeles, CA  90071-1530</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: April 2, 2010

By: _____
            Deputy Clerk

            *(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

American LegalNet, Inc.<br>www.USCourtForms.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| MATTHEW BALDWIN | IMG WORLDWIDE, INC., an Ohio corporation |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Matthew M. Walsh, SBN 175004<br>DEWEY & LeBOEUF LLP<br>333 South Grand Avenue, Suite 2600<br>Los Angeles, California  90071-1530<br>Telephone: (213) 621-6000 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Diversity action for declaratory relief pursuant to 28 U.S.C. § 2201, 2202 and Fed. R. Civ. P. 57

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☒ 890 Other Statutory Actions | ☒ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | | ☐ 640 R.R.& Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**   Case Number:   CV 10-02408

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2



American LegalNet, Inc.<br>www.FormsWorkflow.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
  ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
  ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
  ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
  ☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
  ☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Ohio |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
  **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date April 2, 2010

Matthew M. Walsh

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com